

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-3220
Re: May an individual who operates
a business under a trade name
obtain certificates of title
to and register motor vehicles
used in such business under
its trade name?

We are returning herewith the correspondence which
you attached to your request of March 13, 1942, on the above
question.

We note in the information given that the individual
in question is well-known as the owner and operator of "White
and Blue Cab Company," that he has testified to such ownership
on at least one occasion, and is the owner of the vehicles
mentioned.

We are unable to find any authorities in Texas on the
precise point in question but do find authorities from other
jurisdictions which interpret what appear to be similar regis-
tration laws.

The following authorities uphold registration of motor
vehicles by the owner thereof in the trade name of his business
in which such vehicles are used.

In Huddy, Cyclopedia of Automobile Law (9th Ed.), Vol.
1-2, Section 164, page 371, it is said:

"Inasmuch as a corporation, firm or individual
may adopt a trade-name under which business may be
transacted, a registration in the name so adopted
may be proper, except that, of course, a fictitious
name cannot be adopted by an individual, under the
guise of a trade-name, for the purpose of conceal-
ing his identity. So a plaintiff who has thus reg-
istered his automobile may recover for injuries due

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable D. C. Greer, page 2

to the negligence of another, and his right to re-
cover will not be defeated by the fact that the
plaintiff has failed to comply with a statute re-
quiring a certificate of certain facts to be filed
by such a trader, the statute being intended solely
for the information and the protection of creditors
with whom he might contract."

In Berry on Automobiles, (6th Ed.) Vol. 1, Section 295,
page 266, it is further said:

"Under a statute providing that an applica-
tion for the registration of a motor vehicle may be
made by the owner, and requiring the application
to contain a statement of the name, place of resi-
dence, and address of the applicant, an application
by an owner giving a fictitious partnership name,
under which he had been conducting business for
many years and was well-known, was held to be suffi-
cient compliance.. It was further held immaterial
that such owner had not complied with a statute re-
quiring that individuals engaged in business under
names other than their own shall file with the
clerk of the city or town in which the place of
business is situated, a certificate stating the full
name and residence of each person by whom it is
conducted.

"The court declared, however, that registra-
tion under a fictitious name adopted for the pur-
pose of concealing identity would not be a com-
pliance with the statute, 'because the record would
not show, nor the certificate contain, a descrip-
tive statement by which the true owner could be
ascertained.' Compton v. Williams, 216 Mass. 184,
103, N. E. 298. See also Skene v. Graham, 100
Atl. 938, Furtado v. Humphrey, 188 N. E. 391;
Brewer v. Hayes, 188 N. E. 600."

We call your attention to the fact that the statutes
concerning the registration of automobiles (6675a, R.C.S.) and
the Certificate of Title Act (1436-1, P.C.) require the indivi-
dual owner of a motor vehicle to disclose his identity in the
following language:

Article 6675a-3 provides: "Application for the registration of a motor vehicle . . . shall be signed by the owner of the vehicle, and shall give his name and address in full. . . ."

Article 1436-1, Section 24, provides: "The term 'Certificate of Title' . . . must give:

"(1) A space for the signature of the owner and the owner shall write his name . . . in such space. . . ."

Article 1436-1, Section 33, provides: "No motor vehicle may be disposed of . . . unless the owner designated . . . shall transfer the certificate of title on form . . . which form shall include . . . an affidavit to the effect that the signer is the owner of the motor vehicle. . . ."

Since the authorities cited hold that the identity of the owner is the main purpose involved in motor registration statutes and since the Texas statutes dealing with registration and the certificate of title to motor vehicles require that the actual ownership of such vehicles be disclosed in the forms required under each, we believe that the individual in question may register and obtain a certificate of title to motor vehicles operated in his business under the trade name by which such business is known.

APPROVED APR 9, 1942

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

AFH:db

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]*
Alfred F. Herbelin
Assistant

